# In the United States Court of Federal Claims

No. 18-1882C

(E-Filed: October 31, 2019)

|  |  |  |
|---|---|---|
| COFFMAN SPECIALTIES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Motion to Dismiss; RCFC 12(b)(6). |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) ) | |

William J. Braun, La Jolla, CA, for plaintiff.

Daniel K. Greene, Trial Attorney, with whom were Joseph H. Hunt, Assistant Attorney General, Robert E. Kirschman, Jr., Director, Lisa L. Donahue, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant. Ellen Evans, Navy Litigation Office, Washington, DC, of counsel.

OPINION

CAMPBELL-SMITH, Judge.

On December 7, 2018, plaintiff filed its complaint alleging claims for relief related to its performance under a construction contract with the United States Department of the Navy, at Naval Air Facility El Centro, California. See ECF No. 1. Defendant moved the court to dismiss the first cause of action in plaintiff's complaint on April 8, 2019. See ECF No. 7. Plaintiff filed its opposition to defendant's motion for partial dismissal on May 6, 2019, see ECF No. 8; and defendant filed its reply in support of its motion on May 20, 2019, see ECF No. 9. The motion is fully briefed and ripe for decision by the court. For the following reasons, defendant's motion is **DENIED**.

I.      Background

On or about September 28, 2015, plaintiff entered into Contract No. N62473-14-D-0044 with the Navy.  See ECF No. 1 at 2.  Under the contract, plaintiff was "required . . . to, among other things, repair Runway 12/30 including full depth runway reconstruction, repair of asphalt shoulders, demolition, and re-striping of pavement markings, along with pavement repairs . . . ."  Id. (emphasis in original).  Plaintiff was to "complete the work within 545 days after the Notice of Award, or by March 27, 2017."  Id.

In the complaint, plaintiff alleges two causes of action, only the first of which is the subject of defendant's motion for partial dismissal.[1]  Plaintiff claims, in its first cause of action, that it is entitled to recover costs associated with the disposal of excess soil because defendant improperly imposed expensive restrictions on plaintiff with regard to such disposal, which were contrary to the terms of the contract.  See ECF No. 1 at 2-5.  Plaintiff alleges that it relied on the contract terms when it arranged "to haul excess soil generated on the Project to a commercial farm located in El Centro owned and operated by Joe Heger (hereinafter the 'Joe Heger Farms')."  Id. at 3.  Defendant objected to plaintiff's plan to "dispose of soil materials at Joe Heger Farms because it was not licensed or permitted."  Id.  Plaintiff notified defendant that it considered defendant's objection to be a "constructive change to the contract."  Id.

On June 15, 2016, plaintiff notified defendant that it would comply, "under protest," with defendant's "directive that the excess soil materials be hauled to either a licensed landfill facility or to a commercial recycling facility."  Id.  Plaintiff hauled the excess soil to Republic Services, a commercial landfill.  Id. at 4.  Republic Services tested the soil, and deemed it contaminated, though plaintiff contends that the testing standards were "more stringent" than required by local, state, or federal regulations.  Id.  Plaintiff provided the testing data to defendant, "reflecting that the soil was contaminated with heavy metals and petroleum hydrocarbons, increasing Republic Services' disposal costs by an estimated $17.00 to $19.00 per ton."  Id.  The soil disposal effort was concluded by July 11, 2016, and plaintiff estimates that it incurred increased fees "in the approximate amount of $1,415,800.00 above what it would have paid had the material been hauled to Joe Heger Farms."  Id.

On October 31, 2016, plaintiff filed a Request for Equitable Adjustment in an effort to recover the $1,415,800.00, based on what it viewed as a constructive change to the contract.  Id.  Defendant denied plaintiff's equitable adjustment request on December 14, 2016, on the basis that "Republic Services had not charged additional sums since they

---

[1]     For this reason, the court will focus on the facts relevant only to the first cause of action in this opinion.

2

considered the soil to be contaminated." Id. Plaintiff submitted additional documentation to support their request the same day defendant denied the claim. See id. Thereafter, on February 28, 2017, defendant "informed [plaintiff] that its basic denial of the Request had not changed but that it would consider compensation of some expenses, and requested a cost breakdown 'since the specifications did not identify potential contamination of the soils.'" Id. (quoting an uncited document). In response, plaintiff submitted a cost proposal on or about March 16, 2017, which defendant treated as a second Request for Equitable Adjustment. See id. at 5. Defendant denied the second equitable adjustment request on October 2, 2017. See id.

Plaintiff submitted a Contract Disputes Act Claim, pursuant to 41 U.S.C. § 601-613, to the contracting officer on February 13, 2018. See id.[2] In its claim, plaintiff sought $1,409,254.00 in compensation "for its increased costs of disposing of the excess soil at a commercial landfill." Id. The contracting officer issued her final decision denying plaintiff's claim on April 11, 2018. Id.

On May 6, 2019, plaintiff filed the instant complaint. See ECF No. 1. Rather than file an answer, on April 4, 2019, the government moved for partial dismissal of the first cause of action in plaintiff's complaint. See ECF No. 7. In their briefing on defendant's motion for partial dismissal, the parties cite to a variety of contract provisions they believe are relevant to the court's analysis. Plaintiff did not attach a copy of the contract to the complaint, see ECF No. 1; defendant attached excerpts of the contract to the motion for partial dismissal, see ECF No. 7 at 12-119; and plaintiff attached a separate excerpt of the contract to its response, see ECF No. 8-1. Neither party has provided the court with a complete copy of the contract.

II.     Legal Standards

When considering a motion to dismiss brought under RCFC 12(b)(6), the court "must presume that the facts are as alleged in the complaint, and make all reasonable inferences in favor of the plaintiff." Cary v. United States, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (citing Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991)). It is well-settled that a complaint should be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating a motion to dismiss for

---

[2] Plaintiff cites the Contract Disputes Act as set forth in 41 U.S.C. §§ 601-613, see ECF No. 1 at 5, but the relevant statutes are now codified at 41 U.S.C. §§ 7101-7109. See Lee's Ford Dock, Inc. v. Sec'y of the Army, 865 F.3d 1361, 1364 n.1 (Fed. Cir. 2017).

failure to state a claim, the court "primarily consider[s] the allegations in the complaint," but is "not limited to the four corners of the complaint," and may also look to the "matters incorporated by reference or integral to the claim." See Dimare Fresh, Inc. v. United States, 808 F.3d 1301, 1306 (Fed. Cir. 2015) (citations omitted).

III.   Analysis

Plaintiff explains the central premise of its complaint as follows:  "Plaintiff essentially plead[s] that Defendant is inappropriately attempting to enforce commercial landfill licensing and permitting requirements on a commercial farm when they do not apply."  ECF No. 8 at 6 (citations omitted).  The parties fundamentally disagree, however, as to which parts of the contract are relevant to determining plaintiff's rights under the contract, and whether the terms of the contract itself ultimately resolve their dispute.  See, e.g., ECF No. 7 at 3, 8 (defendant noting that it "describe[s]" and "append[s]" to its opening brief what it considers to be "the relevant contract provisions," and claims that those provisions are a sufficient basis for granting its motion to dismiss the first cause of action in the complaint); ECF No. 8 at 2 (plaintiff arguing that "Defendant's Motion to Dismiss mis-states the basis of Plaintiff's claim and plead allegations, mis-states the contract requirements in relation to disposal of surplus soil, and raises certain factual disputes which cannot be resolved by a Motion to Dismiss under Rule 12(b)(6)"); ECF No. 8 at 3 (plaintiff claiming that "Defendant incorrectly alleges in its Motion to Dismiss that the contract specification clearly mandated that any facilities [plaintiff] designed to accept surplus soil must possess licenses and permits, but never actually directs the Court's attention to any such provision") (citation omitted); ECF No. 9 at 2 (defendant arguing that "[plaintiff] disputes only that the farm was a reuse facility, but [plaintiff's] arguments are not supported by the contract"); ECF No. 9 at 6 (defendant arguing that the contract provisions to which it has cited are dispositive, and that "the correct interpretation of the contract requires the Court to dismiss [plaintiff's] count I").

The court, of course, may properly consider the terms of the contract in resolving a motion made pursuant to RCFC 12(b)(6), as the parties urge it to do in this instance.  See Dimare Fresh, 808 F.3d at 1306.  Here, however, neither party has provided a complete copy of the contract to the court.  See ECF No. 1 (plaintiff's complaint, which does not attach the contract or any portion thereof); ECF No. 7 at 12-119 (defendant's motion for partial dismissal appending excerpts of the contract documents); see ECF No. 8-1 (attachment to plaintiff's response appending a different set of contract documents); ECF No. 9 at 6 (defendant stating, in its reply, that "the parties have provided the Court with the contract provisions that they believe are relevant to the issue [its] motion raises").  Defendant contends that "the Court has before it everything it needs to determine whether Coffman has stated a claim for relief under the Changes Clause," and argues that "[d]isposing of [its] motion, therefore, requires only that the Court interpret the Contract, which the Court may do at this juncture."  ECF No. 9 at 6 (citation omitted).

4

The court does not agree. It is "well established . . . that the provisions of a contract must be read as a whole." Merando, Inc. v. United States, 475 F.2d 603, 605 (Ct. Cl. 1973) (citations omitted). See also Lockheed Martin IR Imaging Sys., Inc. v. West, 108 F.3d 319, 322 (Fed. Cir. 1997) (stating that "the various contract provisions must be read as part of an organic whole, according reasonable meaning to all of the contract terms") (citations omitted). This precept has particular force in the present circumstances, where the court does not have a copy of the complete contract and the parties do not agree on either the universe of relevant contract provisions, or the legal import of those provisions. Further complicating matters, neither party has presented a comprehensive explanation of the potentially relevant contract provisions. The court simply is not confident that it has sufficient evidence to determine, as a matter of law, whether the contract operates in the manner advocated by either party. Without a better understanding of the contract, the court will not presume that the portions identified by the parties—in piecemeal fashion—provide a solid foundation for adjudication of the parties' rights and obligations under the contract.

IV.     Conclusion

Accordingly, defendant's motion for partial dismissal, ECF No. 7, is **DENIED**. Defendant is directed to **FILE** its **answer** to plaintiff's complaint, on or before **November 27, 2019**.

IT IS SO ORDERED.

                                                  s/Patricia E. Campbell-Smith
                                                  PATRICIA E. CAMPBELL-SMITH
                                                  Judge